RECEIVED
IN LAKE CHARLES, LA
JAN 19 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.98-20058-003 |
| VERSUS | JUDGE MINALDI |
| BENJAMIN BLOUNT | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is a Motion for Relief from Judgment pursuant to F.R.Civ.P. 60(b). The Government has filed an Answer and the defendant has filed a Reply.

On June 11, 1998, the defendant was named in a seven-count indictment. On December 8, 1998, the grand jury returned a superseding indictment. The defendant was named in Counts 1 and 4 of the Superseding Indictment. Count 1 alleged conspiracy to possess with intent to distribute cocaine base. Count 4 charged the use of a communication facility to facilitate controlled substances offenses. On April 13, 1999, a jury found the defendant guilty of Count 1.

On July 6, 1999, a hearing was held on a motion to establish the defendant's prior convictions under 21 U.S.C. Sec. 851. The court found that the previous convictions had been established. On July 8, 1999, the defendant was sentenced to life in prison.

The defendant's conviction was affirmed by the Fifth Circuit on July 9, 2002[1]. On October 28, 2002, a letter from the United States Supreme Court was filed into the record indicating that the petition for writ of certiorari had been denied October 21, 2002.

On September 23, 2002, the defendant filed a post-conviction motion which was construed by the court to be a motion pursuant to 28 U.S.C. §2241. This motion was denied.

---

[1] *United States v. Green*, 293 F.3d 886 (5th Cir. 2002).

On February 12, 2004, this Court denied the defendant's motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255. This court and the Fifth Circuit denied the defendant's request for a certificate of appealability. On October 21, 2005, a letter from the United States Supreme Court was filed into the record indicating that the petition for writ of certiorari had been denied.

On October 18, 2005, the defendant filed the instant motion which is styled as a "motion for Relief from Judgment pursuant to Federal Rules of Civil Procedure 60(b)(5)." The Government contends that this motion, in reality, is nothing more than a successive motion pursuant to §2255. In his reply, the defendant argues that this is not a successive §2255 motion. This court agrees with the Government's analysis.

The defendant seeks relief under Fed.R.Civ.P. 60(b) which provides relief from final judgment for six alternative reasons: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).

In the instant motion, the defendant is seeking relief based upon Rule 60(b)(5). Blount argues that the judgment upon which his conviction was based has been reversed or otherwise vacated as a result of the *Booker* and *Blakely* decisions.

In *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1993), a defendant's motion filed pursuant to Fed.R.Civ.P. 60(b) was construed as the functional equivalent of a §2255 motion. What a motion is titled cannot be used to avoid the requirement that a defendant obtain permission from

the court of appeals to file a successive §2255 motion.

The recent case of *Gonzalez v. Crosby*, 125 S.Ct. 2541 (2005) discussed the circumstances in which a petitioner's Rule 60(b) motion is the equivalent of a successive §2255 motion. In *Gonzalez*, the Supreme Court held that a Rule 60(b) motion is not the equivalent of a successive §2255 if the Rule 60(b) motion attacks not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings. *Gonzalez*, 125 S.Ct. at 2648. A Rule 60(b) motion that attacks the underlying conviction, such as the instant motion, must be treated as a new §2255 motion. *Gonzalez*, 125 S.Ct. at 2646[2].

This motion raises a claim which could have been raised in a prior §2255 motion. Accordingly, this Rule 60(b) motion is a successive § 2255 motion. Therefore, before this motion can be considered by the court, Blount is required to obtain authorization from the Fifth Circuit to file this successive petition. Until such time as the defendant obtains such an authorization, this court is without jurisdiction to proceed.

When a successive §2255 petition is filed in federal court without having obtained prior authorization from the Fifth Circuit, the district court may, in its discretion, transfer the matter to the appropriate court of appeals. *In re Epps*, 127 F.3d 364 (5th Cir. 1997). Accordingly, this matter will be transferred to the Fifth Circuit.

Lake Charles, Louisiana, this 19 day of January, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[2] Although the Supreme Court specifically held that its ruling was limited to 2254 motions, several courts have begun to apply the holding to 2255 motions as well. See *U.S. v. Scott*, 414 F.3d 815 (7th Cir. Jul 17, 2005); *U.S. v. Terrell*, 141 Fed.Appx. 849 (11th Cir. Jul 19, 2005).